## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20151

United States Court of Appeals
Fifth Circuit

**FILED**
April 16, 2018

Lyle W. Cayce
Clerk

CLINTON ARDS,

Plaintiff-Appellant

v.

MAJOR MARTIN; CAPTAIN DAVIDINSON; DUICE/MEDICAL DEPARTMENT; SERGEANT K. JOHNSON; SERGEANT FUELY, Internal Affairs Division; SERGEANT JASPER, Internal Affairs Division; PAUL M. MORGAN, Lawyer,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-388

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:*

Clinton Ards, Harris County inmate # 01088273, moves for leave to proceed in forma pauperis (IFP) on appeal. He filed a 42 U.S.C. § 1983 complaint against various employees of the Harris County Jail, alleging that he had been deprived of a medically necessary cane. The district court dismissed the action sua sponte under 28 U.S.C. § 1915A(b) for failure to state

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20151

a claim, based on Ards's failure to exhaust administrative remedies. The court also determined that Ards's appeal was not taken in good faith.

By moving to proceed IFP, Ards is challenging the district court's good-faith certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24.

In his pleadings before this court, Ards argues that documentation in the possession of jail officials would support his assertions that he was improperly deprived of his cane. He does not challenge the district court's conclusion that he had failed to exhaust administrative remedies. Ards's failure to brief the basis for the district court's dismissal and bad-faith determination is the same as if he had not appealed the judgment at all. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). As a result, he has waived any challenge to the district court's IFP ruling. *See id.* Because Ards, by failing to brief the issue, does not rebut the finding that his appeal lacks arguable merit, we conclude that it is frivolous. *See Baugh*, 117 F.3d at 202 & n.24; *Howard*, 707 F.2d at 220. In light of this ruling, Ards's motions for appointment of counsel and for this court to obtain documents relating to the merits of his claims are denied.

The district court's dismissal of Ards's complaint for failure to state a claim for which relief can be granted counts as a strike against him. *See* 28 U.S.C. § 1915(g). Additionally, the dismissal of this appeal as frivolous counts as a second strike. *Id.*; *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Ards is warned that if he accumulates three strikes, he will not be able

No. 17-20151

to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP  MOTION  DENIED;  APPEAL  DISMISSED  AS  FRIVOLOUS; MOTIONS DENIED; SANCTIONS WARNING ISSUED.